UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOANNA BOYD, | Case No.: 2:20-cv-01575-APG-EJY |
| Plaintiff, | **ORDER** |
| v. | **and** |
| | **REPORT AND RECOMMENDATION** |
| STATE OF NEVADA, et al., | Re: Plaintiff's Complaint (ECF No. 1-1) and Plaintiff's Application for Leave to Proceed *in forma pauperis* (ECF No. 6) |
| Defendants. | |

Presently before the Court is *pro se* Plaintiff's second Application for Leave to Proceed *in forma pauperis* as well as her previously filed Complaint that has not yet been screened. ECF Nos. 1-1 and 6.

**I.     *IN FORMA PAUPERIS* APPLICATION**

A complete inmate application for *in forma pauperis* status includes three documents: (1) the completed *in forma pauperis* application itself; (2) a financial certificate signed by both the inmate and a prison or jail official; and, (3) a copy of the inmate's prison or jail trust fund account statement for the previous six-month period. 28 U.S.C. § 1915(a)(2). In this case, Plaintiff submitted an original *in forma pauperis* application on August 24, 2020, which was denied without prejudice because Plaintiff failed to submit an inmate account statement. ECF No. 5. The Court instructed the Clerk of the Court to retain Plaintiff's Complaint (ECF No. 1-1), but to not file it at that time. ECF No. 5 at 3. Subsequently, Plaintiff filed a complete Application for Leave to Proceed *in forma pauperis* together with a signed financial certificate and attached inmate account statement as instructed by the Court. ECF No. 6. Plaintiff's second Application for Leave to Proceed *in forma pauperis* is granted. The Court therefore proceeds with screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

**II.     SCREENING STANDARD**

When screening a complaint, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive Section 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). The Court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (internal citation omitted). Unless it is clear the complaint's deficiencies cannot be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.   PLAINTIFF'S COMPLAINT

In her Section 1983 Complaint, Plaintiff alleges she was arraigned by District Attorney Steven Wolfson ("Wolfson") on a variety of charges before the North Las Vegas Justice Court.[1] ECF No. 1-1 at 4. Plaintiff claims Wolfson then initiated a second prosecution by filing the "same complaint for [the] same offense[s]" before the Eighth Judicial District Court. *Id*. at 6. Plaintiff argues that NRS 4.3715(2) permits transfer of original jurisdiction of a criminal case filed in Justice Court to a district court only after a plea agreement has been reached or a disposition of the case has been rendered, neither of which occurred here. *Id*. Plaintiff states that Judge Eric Johnson nonetheless ultimately arraigned, indicted, convicted, and sentenced Plaintiff in district court. *Id*. at 4 and 6.

A year after she was sentenced, Plaintiff filed a motion to dismiss the alleged second action based on double jeopardy grounds. *Id*. at 8. Wolfson opposed her motion, arguing that the Double

---

[1]   Plaintiff does not discuss whether she was convicted or sentenced on these charges in the Justice Court.

Jeopardy Clause of the Fifth Amendment to the United States Constitution prohibits "multiple punishments[,] not multiple prosecutions." *Id*. Plaintiff claims Judge Johnson held a hearing on her motion to dismiss without notifying her of the hearing. *Id*. Plaintiff allegedly discovered her motion to dismiss was denied only after receiving the court minutes from Judge Johnson's hearing. *Id*.

Plaintiff continues to argue that jeopardy attached upon filing of the indictment, information or complaint in the first prosecution before the North Las Vegas Justice Court pursuant to NRS 174.085(3), and barred another indictment, information or complaint for the same offense under Nevada law and the Double Jeopardy Clause. *Id*. at 4-5. Plaintiff brings this action against Defendants State of Nevada, Attorney General Aaron Ford, Judge Eric Johnson, and District Attorney Wolfson in their official capacities alleging double jeopardy, wrongful conviction, and due process violations. *Id*. at 2-6, 8, and 12. Plaintiff also alleges Wolfson committed perjury by misrepresenting facts in his opposition to her motion to dismiss.

**1.  Plaintiff's double jeopardy claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).**

"[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487. Here, Plaintiff attacks the validity of her conviction by claiming the defendants unlawfully subjected her to a second prosecution based on the same offense underlying the first case. ECF No. 1-1 at 3, 4, and 6. If Plaintiff were successful on this challenge, an invalidation of her current sentence would necessarily result. *Heck*, 512 U.S. at 487 (the *Heck* preclusion doctrine depends on whether success in a Section 1983 suit would "necessarily imply" or "demonstrate" the invalidity of the earlier conviction or sentence). Accordingly, the appropriate vehicle for relief on Plaintiff's double jeopardy claim is not a Section 1983 suit but, rather, a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

**2.    Even if her double jeopardy claim was not barred by *Heck*, Plaintiff fails to state viable Section 1983 claims against the State of Nevada, Attorney General Ford, Judge Johnson, and District Attorney Wolfson.**

a.    <u>The State of Nevada is immune and has not waived its immunity</u>.

The Eleventh Amendment bars citizens from suing a state. U.S. CONST. amend. XI. The United States Supreme Court has held that 42 U.S.C. § 1983 does not constitute an abrogation of the states' Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338-40 (1979). Absent waiver, a state is therefore not subject to suit under Section 1983. *Id.*; *see also Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The State of Nevada has explicitly refused to waive its immunity to suit under the Eleventh Amendment. NRS 41.031(3). Thus, Plaintiff's action fails as a matter of law as to the State of Nevada.

b.    <u>Plaintiff cannot maintain a suit for money damages against the Attorney General in his official capacity</u>.

The Eleventh Amendment "bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages, rather than prospective, *e.g.*, an injunction." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988) (internal citations omitted). Thus, Plaintiff's Section 1983 claim for money damages cannot be maintained against Nevada state officials or employees in their official capacities. *N. Nev. Ass'n of Injured Workers v. Nev. State Indus. Ins. Sys.*, 807 P.2d 728, 732 (Nev. 1991). For this reason, Plaintiff's Section 1983 action for damages, which she brings against the Attorney General in his official capacity only (ECF No. 1-1 at 2) fails as a matter of law.

c.    <u>Judge Johnson is immune</u>.

Ninth Circuit precedent states that "[j]udges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). Here, Plaintiff claims Judge Johnson violated her civil rights by permitting a second prosecution to go forward based on the same offense underlying the first prosecution. ECF No. 1-1 at 2. Because Plaintiff's allegations against Judge Johnson pertain solely to acts taken within the confines of his judicial duties, Plaintiff's allegations against Judge Johnson fail to state a Section 1983 claim as a matter of law.

4

          d.      <u>District Attorney Wolfson is immune</u>.

Prosecutors are "entitled to absolute prosecutorial immunity for acts taken in their official capacity." *Bailey v. Clark Cnty. Dist. Attorney's Office*, Case No. 2:10-cv-01012-JCM-RJJ, 2010 WL 3724250, at *2 (D. Nev. Sept. 16, 2010) (collecting cases). Specifically, prosecutors are immune under 42 U.S.C. § 1983 when "initiating a prosecution and presenting the State's case." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (internal citation omitted); *see also Burns v. Reed*, 500 U.S. 478, 489-90 (1991). Here, all of Plaintiff's allegations that comprise her Section 1983 claims against Wolfson concern his official acts as an advocate for the State. As such, Plaintiff's claims against Wolfson fail as a matter of law.

## IV.    ORDER

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *in forma pauperis* (ECF No. 6) is GRANTED.

## V.    RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be DISMISSED with prejudice because the Complaint fails to state claims upon which relief may be granted. There is no set of facts that Plaintiff could allege that would render the claims asserted viable under 42 U.S.C. § 1983. For this reason, amendment would be futile.

DATED THIS 22nd day of October, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).